Filed 5/30/14  P. v. Manry CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>ADAM AARON MANRY,<br><br>       Defendant and Appellant. | A138541<br><br>(Solano County<br>Super. Ct. No. FCR293437) |

Defendant Adam Aaron Manry was convicted of first degree residential burglary, on an aiding and abetting theory, after he was found with recently stolen goods in his car. Defendant contends there was insufficient evidence to establish he possessed the requisite felonious intent.  Because we find substantial evidence to support the jury's verdict, we affirm.

## I.  BACKGROUND

Defendant, along with codefendant Christian Paynes, was charged with one count of first degree residential burglary in an information dated September 4, 2012.  (Pen. Code, § 459.)  Defendant's trial was severed from that of Paynes.

Defendant and Paynes arrived at the Vacaville home of the victim, a high school student, early on the morning of May 22, 2012.  Paynes had offered to drive the victim to school, but defendant drove them in his car because Paynes was unable to drive.  Paynes had known the victim for several years, but defendant had met him only recently, when the three played video games at the victim's home.  Defendant did not enter the home that morning, but before leaving, Paynes used the restroom.  On the drive to school,

Paynes played music on his cell phone. While the three were driving around before dropping the victim off, defendant asked the victim if he intended to skip school that day.

Just before 8:30 a.m., defendant and Paynes returned to the victim's residence, purportedly to retrieve Paynes's cell phone. The victim's mother let Paynes into the home to look for his phone, which he did not find. Defendant and Paynes left in defendant's car, and the victim's mother left for work. Sometime between 9:30 a.m. and 10:00 a.m., defendant and Paynes made a third trip to the victim's residence. A neighbor saw one person walk through the side gate of the victim's home and a second person, generally fitting defendant's description, walk away from the home down the driveway.

When the victim's mother returned home around noon, she noticed the screen was removed from the back kitchen window and the back door was unlocked. She then noticed three video game systems, a PlayStation 3, an Xbox 360, and a Nintendo Wii, along with other equipment, were missing from her living room. A few hours later, she called the Vacaville police and gave them the serial number of the missing Nintendo Wii.

At 10:47 a.m., defendant and another person sold a PlayStation 3 at a video game store in Vacaville, providing defendant's driver's license. Later in the day, they returned to the store and sold an Xbox 360 game console and hard drive. That night, a Vacaville police officer drove to defendant's home and found him with Paynes. After the officer arrested them, he searched defendant's car and found a Nintendo Wii system with a serial number matching the one provided by the victim's mother.

During the subsequent interview at the police station, defendant initially claimed he had not returned to the victim's residence a third time that day. After further questioning, he acknowledged returning to the victim's home a third time at Paynes's request, but he maintained ignorance as to Paynes's purpose until after Paynes left the home with the Nintendo Wii. Defendant eventually conceded he knew Paynes had his cell phone with him the whole time and had returned to the residence a third time with the intention of taking the systems.

The jury convicted defendant of burglary, and he was sentenced to three years' probation.

## II. DISCUSSION

Defendant contends his conviction must be reversed because there was insufficient evidence from which the jury could conclude he had formed an intent to aid Paynes prior to Paynes leaving the victim's home with the stolen systems.[1]

When a criminal conviction is challenged as lacking evidentiary support, the court must review the whole record in the light most favorable to the prosecution to determine whether it discloses substantial evidence—that is, "evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578; see also *People v. Zamudio* (2008) 43 Cal.4th 327, 357.) In making this determination, the appellate court "must presume every fact the jury could reasonably have deduced from the evidence." (*People v. Boyer* (2006) 38 Cal.4th 412, 480, disapproved on other grounds in *People v. Stansbury* (1995) 9 Cal.4th 824, 830, fn. 1.)

A defendant who aids and abets in the commission of a crime incurs the same criminal liability as the principal perpetrator. (*People v. Montoya* (1994) 7 Cal.4th 1027, 1038–1039.) One may be liable when he or she aids the perpetrator of an offense, "knowing of the perpetrator's unlawful purpose and intending, by his or her act of aid, to commit, encourage, or facilitate commission of the offense." (*Id.* at p. 1039.) Where liability is predicated upon a theory of aiding and abetting, the defendant's intent to encourage or facilitate the actions of the perpetrator " 'must be formed *prior to or during* "commission" of that offense.' " (*Ibid.*) Because direct evidence of intent is rarely available, "intent must usually be inferred from all of the facts and circumstances disclosed by the evidence." (*People v. Carter* (2005) 36 Cal.4th 1215, 1260–1261.)

"The crime of burglary consists of an act—unlawful entry—accompanied by the 'intent to commit grand or petit larceny or any felony.' " (*People v. Montoya*, *supra*,

---

[1] Defendant also argues against the prosecution's theory of guilt based on defendant being found with recently stolen items in his car. Since we affirm the jury's finding on the aiding and abetting theory, we do not address this argument.

7 Cal.4th at pp. 1041–1042.)  Therefore, to support the defendant's conviction, the prosecution was required to demonstrate that before Paynes left the victim's residence for the final time, defendant (1) had knowledge of Paynes's criminal purpose; and (2) acted with the intent or purpose either of committing, or of encouraging or facilitating commission of, the offense.  (See *People v. Beeman* (1984) 35 Cal.3d 547, 560.)

We find substantial evidence to support the necessary findings.  Defendant was aware of the presence of the game systems in the home and volunteered with Paynes to drive the victim to school, although he had only just met him.  On the way, defendant asked the victim if he intended to cut school that day, from which the jury could have reasonably inferred defendant wanted to ensure the victim's home would be unoccupied for the remainder of the morning.  Defendant then drove Paynes back to the home, although he knew Paynes's claim to be looking for his cell phone was false.  He then returned yet a third time, admittedly knowing Paynes intended to burglarize the home when they arrived.  From these circumstances, the jury could readily have inferred that defendant was a full participant in the theft from the beginning, aware of Paynes's intent to steal the game systems and intending to assist him throughout.

Defendant's assistance also proved critical to the effectuation of the burglary.  He supplied the car and the driver's license necessary to take, and ultimately sell, two of the three game consoles.  These facts are similar to those in *People v. Montoya,* in which the Supreme Court upheld a defendant's burglary conviction on an aiding and abetting theory when the defendant drove the perpetrator to take items from the perpetrator's ex-girlfriend's apartment and acted as an interpreter while the perpetrator sold the stolen items.  (*People v. Montoya, supra,* 7 Cal.4th at p. 1037.)

Defendant argues that each piece of evidence could also be found to be consistent with his innocence.  The argument disregards the standard of review on appeal.  "[I]t is the exclusive province of the . . . jury to determine . . . the truth or falsity of the facts upon which a determination depends."  (*People v. Maury* (2003) 30 Cal.4th 342, 403.)  As noted above, in a substantial evidence review we "must presume every fact the jury could reasonably have deduced from the evidence."  (*People v. Boyer*, *supra*, 38 Cal.4th

4

at p. 480.)  A reversal for insufficient evidence " ' "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the jury's verdict.' " (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)  Taken as a whole, the evidence permitted a reasonable trier of fact to infer defendant's wrongful intent beyond a reasonable doubt.

### III.  DISPOSITION

The judgment of the trial court is affirmed.


<br>

_____
Margulies, Acting P.J.


We concur:


_____
Banke, J.


_____
Becton, J.[*]


---

[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.